1  Zachary M. Best, SBN 166035
   MISSION LAW FIRM, A.P.C.
2  332 North Second Street
   San Jose, California 95112
3  Telephone (408) 298-2000
   Facsimile (408) 298-6046
4  E-mail: service@mission.legal

5  Attorneys for Plaintiff
   Rachel Bryant

6

7              UNITED STATES DISTRICT COURT

8              EASTERN DISTRICT OF CALIFORNIA

9

10 RACHEL BRYANT,                     )  No.
                                      )
11            Plaintiff,              )  **COMPLAINT ASSERTING DENIAL OF**
                                      )  **RIGHT OF ACCESS UNDER THE**
12     vs.                            )  **AMERICANS WITH DISABILITIES ACT**
                                      )  **FOR INJUNCTIVE RELIEF, DAMAGES,**
13 SWH MIMI'S CAFE, LLC dba MIMI'S    )  **ATTORNEYS' FEES AND COSTS (ADA)**
   CAFE #44; RIVER PARK PROPERTIES II, )
14 A CALIFORNIA LIMITED PARTNERSHIP;  )
                                      )
15                                    )
                                      )
16            Defendants.             )
                                      )
17 _____ )

18                    **I. SUMMARY**

19     1.    This is a civil rights action by plaintiff RACHEL BRYANT ("Plaintiff") for

20 discrimination at the building, structure, facility, complex, property, land, development, and/or

21 surrounding business complex known as:

22          (a)    Mimi's Cafe
                   7660 North Blackstone Ave
23                 Fresno, CA 93720
                   (hereafter "the Mimi's Facility")
24

25          (b)    Romano's Macaroni Grill
                   7650 North Blackstone Ave
26                 Fresno, CA 93720
                   (hereafter "the Macaroni Grill Facility")
27

28     Each of the facilities identified above shall be collectively hereafter referred to as "the

   Facilities."

*Bryant v. SWH Mimi's Cafe, LLC, et al.*
Complaint

2.      Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs, pursuant to Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California statutes, against:

a)      RIVER PARK PROPERTIES II, A CALIFORNIA LIMITED PARTNERSHIP (hereinafter collectively "the Landlord Defendant");

b)      SWH MIMI'S CAFE, LLC dba MIMI'S CAFE #44 (hereinafter "the Mimi's Defendant," and together with the Landlord Defendant, "Defendants").

## II.      JURISDICTION

3.      This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.      Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5.      Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.      VENUE

6.      All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV.      PARTIES

7.      Plaintiff believes, and thereon alleges, that the Landlord Defendant owns, operates, and/or leases the real property consisting of the real property and common areas of the Facilities as well as the physical structures thereon (including the buildings in which the Facilities are located), and consist of a person (or persons), firm, or corporation. Plaintiff further believes, and thereon alleges, that the Mimi's Defendant owns, operates, and/or leases the Mimi's Facility, and leases the Mimi's Facility from the Landlord Defendant.

8.      Plaintiff is substantially limited in her ability to walk, and must use a wheelchair for mobility. Consequently, Plaintiff is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by

1 these laws.

2                                    V.       FACTS

3       9.      The Facilities are open to the public, intended for non-residential use, and their

4 operation affects commerce. The Facilities are therefore public accommodations as defined by

5 applicable state and federal laws.

6       10.     Plaintiff lives near the Facilities and visited the Macaroni Grill Facility on or

7 about August 21, 2017 for the purpose of having lunch, and the Mimi's Facility on or about

8 September 7, 2017 for the purpose of having breakfast. During her visits to the Facilities,

9 Plaintiff encountered the following barriers (both physical and intangible) that interfered with,

10 if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and

11 accommodations offered at the Facilities:

12          a)      The threshold at the entrance to the Mimi's Facility was high and as

13                  Plaintiff maneuvered over it in her wheelchair the wheelchair bounced,

14                  causing pain to her back.

15          b)      During Plaintiff's visit to the Mimi's Facility, she had to use the

16                  restroom. She was not able to locate a path of travel from the dining area

17                  to the restroom that was wide enough for her wheelchair. She had to ask

18                  other patrons to move their chairs out of the way so that she could get

19                  through, which was embarrassing.

20          c)      During Plaintiff's visit to the Mimi's Facility, the wheelchair-accessible

21                  stall in the women's restroom had a baby changing table in it that was

22                  open at the time she entered. The open table reduced the amount of clear

23                  space within the stall and Plaintiff struggled to maneuver around the

24                  stall once inside.

25          d)      The sink in the women's restroom of the Mimi's Facility was low and

26                  did not have adequate clearance underneath to accommodate Plaintiff's

27                  wheelchair. As a result, she had difficult using the sink.

28          e)      Plaintiff could not find a designated accessible dining table at the

1   Mimi's Facility. She ended up sitting at a table that did not have
2   adequate knee and toe clearances to accommodate her wheelchair. As a
3   result, she had to sit at an uncomfortable distance from the table while
4   she had her meal. She also protruded into and blocked the aisle for other
5   patrons, which was embarrassing.

6   f)   The entry doors to the Macaroni Grill Facility were heavy and Plaintiff
7   could not open them by herself. She had to ask for her friend she was
8   with to assist her, which was embarrassing.

9   g)   While at the Macaroni Grill Facility Plaintiff had to use the restroom.
10   There was a door along the path of travel to the restroom that was heavy
11   and Plaintiff was unable to open it by herself. She had to ask a friend she
12   was with to open it for her. Also, the door to the women's restroom itself
13   was heavy and she could not open it by herself. She had to ask her friend
14   again to open it for her and then stay there to open it again for her when
15   she exited.

16   h)   The path of travel in the women's restroom of the Macaroni Grill
17   Facility was obstructed by a trash barrel placed inside the entry of the
18   door.  As a result, Plaintiff had difficulty maneuvering around and inside
19   the restroom.

20   i)   The paper towel dispenser in the women's restroom at the Macaroni
21   Grill Facility was located high up on the wall and Plaintiff had difficulty
22   using it because she had to strain and extend her body to be able to reach
23   it, which was painful.

24   j)   The soap dispenser in the women's restroom of the Macaroni Grill
25   Facility was located up on the wall and behind the sink counter. Plaintiff
26   was unable reach far enough up and over the counter to be able to use
27   the dispenser and so was unable to wash her hands with soap.

28   k)   The lavatory in the women's restroom of the Macaroni Grill Facility was

1    high and Plaintiff had difficulty reaching the water faucet.

2        l)    Plaintiff was unable to find a designated accessible table at the Macaroni

3              Grill Facility. She ended up sitting at a table that did not have enough

4              clear space underneath it to accommodate her wheelchair. As a result,

5              she had to sit at an uncomfortable distance from the table as well as

6              protruded into the aisle, blocking it for other patrons.

7        11.   The barriers identified in paragraph 10 herein are only those that Plaintiff

8    personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist

9    at the Facilities and relate to her disabilities. Plaintiff will seek to amend this Complaint once

10   such additional barriers are identified as it is Plaintiff's intention to have all barriers which

11   exist at the Facilities and relate to her disabilities removed to afford her full and equal access.

12       12.   Plaintiff was, and continues to be, deterred from visiting the Facilities because

13   Plaintiff knows that the Facilities' goods, services, facilities, privileges, advantages, and

14   accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.

15   Plaintiff enjoys the goods and services offered at the Facilities, and will return to the Facilities

16   once the barriers are removed.

17       13.   Defendants knew, or should have known, that these elements and areas of the

18   Facilities were inaccessible, violate state and federal law, and interfere with (or deny) access to

19   the physically disabled. Moreover, Defendants have the financial resources to remove these

20   barriers from the Facilities (without much difficulty or expense), and make the Facilities

21   accessible to the physically disabled. To date, however, Defendants refuse to either remove

22   those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

23       14.   At all relevant times, Defendants have possessed and enjoyed sufficient control

24   and authority to modify the Facilities to remove impediments to wheelchair access and to

25   comply with the 1991 ADA Accessibility Guidelines and/or the 2010 ADA Standards for

26   Accessible Design. Defendants have not removed such impediments and have not modified the

27   Facilities to conform to accessibility standards. Defendants have intentionally maintained the

28   Facilities in their current condition and have intentionally refrained from altering the Facilities

so that they comply with the accessibility standards.

15. Plaintiff further alleges that the (continued) presence of barriers at the Facilities is so obvious as to establish Defendants' discriminatory intent. On information and belief, Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Facilities; conscientious decision to maintain the architectural layout (as it currently exists) at the Facilities; decision not to remove barriers from the Facilities; and allowance that Defendants' property continues to exist in its non-compliant state. Plaintiff further alleges, on information and belief, that the Facilities are not in the midst of a remodel, and that the barriers present at the Facilities are not isolated or temporary interruptions in access due to maintenance or repairs.

## VI.   FIRST CLAIM

### Americans with Disabilities Act of 1990

<u>Denial of "Full and Equal" Enjoyment and Use</u>

16. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

17. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18. Defendants discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facilities during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

19. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

20. When an entity can demonstrate that removal of a barrier is not readily

achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

21.     Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Facilities without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22.     In the alternative, if it was not "readily achievable" for Defendants to remove the Facilities' barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

Failure to Design and Construct an Accessible Facility

23.     Plaintiff alleges on information and belief that the Facilities were designed and constructed (or both) after January 26, 1993 – independently triggering access requirements under Title III of the ADA.

24.     The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25.     Here, Defendants violated the ADA by designing and constructing (or both) the Facilities in a manner that was not readily accessible to the physically disabled public – including Plaintiff – when it was structurally practical to do so.[1]

Failure to Make an Altered Facility Accessible

26.     Plaintiff alleges on information and belief that the Facilities were modified after January 26, 1993, independently triggering access requirements under the ADA.

27.     The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

---

[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Bryant v. SWH Mimi's Cafe, LLC, et al.*
Complaint

28.     Here, Defendants altered the Facilities in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

29.     The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30.     Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facilities, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

<u>Failure to Maintain Accessible Features</u>

31.     Defendants additionally violated the ADA by failing to maintain in operable working condition those features of the Facilities that are required to be readily accessible to and usable by persons with disabilities.

32.     Such failure by Defendants to maintain the Facilities in an accessible condition was not an isolated or temporary interruption in service or access due to maintenance or repairs.

33.     Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

**VII.     SECOND CLAIM**

**Unruh Act**

34.     Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

35.     California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

36.     California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

37.     California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

38.     Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

39.     These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

40.     Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of $4,000 for each offense.

41.     Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

42.     Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

43.     Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

44.     Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

45.     Plaintiff alleges the Facilities are public accommodations constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facilities were not exempt under Health and Safety Code

§ 19956.

46. Defendants' non-compliance with these requirements at the Facilities aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Statutory minimum damages under section 52(a) of the California Civil Code according to proof.

3. Attorneys' fees, litigation expenses, and costs of suit.[2]

4. Interest at the legal rate from the date of the filing of this action.

5. For such other and further relief as the Court deems proper.

Dated:   December 12, 2017           MISSION LAW FIRM, A.P.C.


                                     /s/ Zachary M. Best
                                     Zachary M. Best
                                     Attorney for Plaintiff
                                     Rachel Bryant

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Bryant v. SWH Mimi's Cafe, LLC, et al.*
Complaint

# VERIFICATION

I, RACHEL BRYANT, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated:  December 12, 2017          */s/ Rachel Bryant*_____
                                  Rachel Bryant

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                  */s/ Zachary M. Best*_____
                                  Zachary M. Best, Attorney for
                                  Plaintiff, Rachel Bryant